BYRON NORTON, Appellee, v. DAVID FERGUSON, Appellant.

PLEADING: Amendment—Substitution of Real Party in Interest. Amendments are allowable which substitute the real party in interest, even though such amendment is filed during the actual trial.

BOUNDARIES: Acquiescence—Pleading Governmental Descriptions— Effect. A landowner who seeks to enjoin interference with a boundary line by acquiescence, irrespective of the true governmental line, will not be held to abandon his claim to a line by acquiescence from the mere fact that in his petition for injunction he describes the different tracts of land involved *by their governmental descriptions.*

BOUNDARIES: Acquiescence—Effect. Principle reaffirmed that the adjoining owners of land may, by long acquiescence, irrevocably fix on a line different from the line shown by the governmental survey.

Headnote 1: 32 C. J. p. 304; 31 Cyc. p. 485. Headnote 2: 9 C. J. p. 248 (Anno.) Headnote 3: 9 C. J. pp. 244, 245, 247, 286.

Headnote 1: 21 R. C. L. 584. Headnote 3: 4 R. C. L. 128.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

DECEMBER 14, 1926.

REHEARING DENIED MARCH 11, 1927.

Suit in equity, to enjoin the defendant from moving a certain boundary-line fence and from constructing a fence so as to encroach upon the land claimed by the plaintiff. The trial court granted an injunction as prayed, and the defendant appeals.—*Affirmed.*

*Brown McCrary* and *John E. Haltigan,* for appellant.

*W. C. Saul* and *W. I. Saul*, for appellee.

. FAVILLE, J.—I. During the course of the. trial it appeared that plaintiff's wife held the legal title to the land in controversy, and she was substituted as plaintiff. Appellant complains of

1. PLEADING:
amendment:
substitution of
real party in
interest.

the order of the court in overruling appellant's objection to such substitution. The objection was without merit. The amendment was authorized under Section 11182, Code of 1924, and the court did not err in permitting it.

II. The appellee in his petition described the premises owned by him by governmental subdivisions, and also alleged that the appellant owned the adjoining premises, which were

2. BOUNDARIES: acquiescence:
pleading governmental descriptions: effect.

similarly described. The appellant contends that the appellee, having described the appellant's premises by the governmental subdivisions thereof, cannot claim that the boundary line between said premises is at any other place than upon the true line of the governmental survey. Appellant contends that the fence in controversy which the appellant undertook to build was to be located upon the true government line, as shown by the. government survey, and that, because of the appellee's allegation that the appellant owns the land described by governmental description, there can be no question involved in this case except the mere question of ascertaining the location of the true line, as shown by the government survey, which the appellant contends is not disputed under the evidence. In this contention the appellant misconceives the true nature of this action. The action is not one brought to establish a lost boundary, under the statute. The appellee's contention is that, regardless of the location of the true government line, by reason of a long period of acquiescence in the maintenance of a fence the adjoining landowners have established a boundary line between the two tracts which they have maintained and acquiesced in as the boundary line for a long period of years, and that, therefore, said line so established and acquiesced in becomes the true line dividing the tracts, regardless of where the government. line may in fact be located. In *Davis v. Angerman*, 195 Iowa 180, we said:

"The law respecting the establishment by acquiescence of boundary lines that depart from the true governmental line has

been so frequently announced by this court as to require no re-
iteration or review of the cases. Unquestion-
ably, adjacent landowners may, by acquiescence,
establish a line that varies from the true line,
and the fact of such acquiescence may be established by evidence
as to the manner in which the premises have been used by both
parties, the building of fences, the planting of trees or other
monuments, the erection of buildings, the length of time the
property has been so used, and other similar matters. Whether
there is acquiescence necessarily depends upon the facts proved
in each particular case. If acquiescence in the assumed bound-
ary line is established, then such line becomes the boundary, re-
gardless of the location of the true or correct line. This is the
rule we have repeatedly announced.''

3. Boundaries:
acquiescence:
effect.

This rule has been recognized in repeated and numerous
decisions of this court since *Miller v. Mills County,* 111 Iowa 654,
and a collection of the authorities is not necessary. The rule is
recognized by statute in actions involving the establishment of
disputed corners and boundaries. Section 12306, Code of 1924.
The record in the instant case brings it clearly within this oft-
repeated rule. It appears that, in the year 1888, the then own-
ers of the respective tracts caused a survey to be made of the
boundary line now in question; and in accordance with said sur-
vey caused a fence to be constructed between the premises of the
appellant and the appellee upon the line established by said sur-
vey. The evidence shows that this fence has been repaired from
time to time, but that, without any substantial deviation, it has
been continuously maintained at said place as a boundary line.
The adjacent landowners have recognized said line by farming
the adjacent tracts of land to said fence for this long period
of time. The facts of the case bring it squarely within the well
established rule that adjacent landowners may, by acquiescence,
establish a boundary line between their respective tracts which,
although not the true governmental line, will, by the long-con-
tinued acquiescence in and recognition of such line, be estab-
lished as the true boundary line.

The decree of the trial court is sustained by the record, and
it is—*Affirmed.*

De Graff, C. J., and Stevens and Vermilion, JJ., concur.